IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANCISCO RAMOS DIAZ, on behalf of himself and similarly situated individuals, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) ) |
| ALPHA ACRYLIC DESIGN, INC. and PHILIP BR LIU, individually, | ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Francisco Ramos Diaz, by and through his attorneys, Becerra Law Group, LLC, for his Complaint against Alpha Acrylic Design, Inc. and Philip BR Liu, individually, (herein "Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants' failure to pay overtime wages to Plaintiff.

2. Plaintiff customarily worked in excess of 40 hours per week but was not paid overtime wages at the rate of one and a half times his regular rate of pay for all time worked in excess of 40 hours per week. (Plaintiff has consented in writing to be part of this action and act as a representative plaintiff. A copy of Plaintiff's consent to act as a representative plaintiff in this collective action under the FLSA is attached hereto as Exhibit A.)

### JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. §1331,

arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

5. Plaintiff Francisco Ramos Diaz resides and is domiciled in this judicial district.

6. Plaintiff Francisco Ramos Diaz is a former employee of Defendants. He was employed by Defendants as a machine operator at Defendants' business located at 3359A N. Ridge Ave., Arlington Heights, IL. During the course of his employment, Plaintiff Ramos Diaz handled goods that moved in interstate commerce.

7. Defendant Alpha Acrylic Design, Inc. is a corporation doing business within this judicial district. Defendant is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

8. Defendant Alpha Acrylic Design, Inc. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

9. Defendant Philip BR Liu is the President and Secretary of Alpha Acrylic Design, Inc. and is involved in the day-to-day business operation of Alpha Acrylic Design, Inc.. Among other things, Defendant Philip BR Liu has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and he has the authority to participate in decisions regarding employee compensation and capital expenditures.

10. Defendant Philip BR Liu was Plaintiff's "employer" as that term is defined by the FLSA,

29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

11. Upon information and belief, Defendant Philip BR Liu resides and is domiciled in this judicial district.

## FACTUAL ALLEGATIONS

12. Defendants operate a factory that is engaged in producing custom acrylic products.

13. Defendant Alpha Acrylic Design, Inc. is located at 3359A N. Ridge Ave., Arlington Heights, Illinois.

14. Plaintiff Francisco Ramos Diaz worked as a machine operator for Defendants from 2002 until March 22, 2014.

15. Defendants failed to pay Plaintiff at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours in a single work week in violation of the FLSA and the IMWL.

16. Plaintiff generally worked from 7 am to 5:30 pm with a half hour lunch break Monday through Saturday.

17. There were weeks where Plaintiff and similarly situated individuals were required to work more hours per week because of increased demands on production by Defendants.

18. Other similarly situated employees have been denied overtime wages in the three years prior to the filing of this lawsuit.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

(Plaintiff hereby realleges and incorporates paragraphs 1 through 18 of this Complaint, as if fully set forth herein.)

19. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff for all time he worked

for Defendants.

20. Plaintiff worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

21. Defendants were Plaintiff's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

23. Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

24. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he is entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

25. Defendants did not compensate Plaintiff and other similarly situated individuals at a rate of one and one-half times their regular hourly rate of pay for time he worked in excess of 40 hours in individual workweeks.

26. Defendants' failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

27. Defendants' failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

28. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

    A.    The Court determine that this case may be maintained as a collective action;

B. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of 40 hours per week;

C. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

D. Reasonable attorneys' fees and costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law - Overtime Wages**

(Plaintiff hereby realleges and incorporates paragraphs 1 through 28 of this Complaint, as if fully set forth herein.)

29. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

30. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

31. At all relevant times herein, Defendants were Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

32. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

33. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff is entitled to be compensated at one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

34. Defendants failed to pay Plaintiff one and one-half times their regular hourly rate of pay

for time worked in excess of 40 hours per week.

35. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

36. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time which Plaintiff worked in excess of 40 hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: February 9, 2015        **FRANCISCO RAMOS DIAZ**

By: _s/Carlos G. Becerra
 One of Plaintiff's Attorneys

CARLOS G. BECERRA (ARDC #6285722)
PERLA M. GONZALEZ (ARDC#6310896)
Becerra Law Group, LLC
332 South Michigan, Suite 1020
Chicago, Illinois 60604
Telephone: (312)753-6967
Facsimile: (312)427-1850
E-mail: cbecerra@law-rb.com
E-mail: pgonzalez@law-rb.com